IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RHONDA STIRLING**,

    Plaintiff,

v.   NO. 13cv0842 MV/ACT

**DAVID STIRLING;**
**DONNA DUCKETT STIRLING**,

    Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

This matter comes before the Court on pro se plaintiff Rhonda Stirling's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed September 5, 2013. *See* Doc. 3 (hereinafter called "motion to proceed IFP")[1]. Before ruling on the motion to proceed IFP, the Court must "review the affidavit and screen [Stirling's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and her "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint

---

[1] On August 11, 2010, Ms. Stirling filed a complaint in state court against these same Defendants and the Albuquerque Police Department and one of its officers,

> alleging only state-law claims for 'malicious criminal prosecution to include comparative negligence, abuse of process, frivolous litigation, contempt, prima facie tort, conspiracy and racketeering.' Doc. 1, Ex. 1 at 1 (state-court complaint). She then filed a notice of removal in this Court on April 22, 2011, *see* Doc. 1, and filed a motion to proceed IFP instead of paying the federal filing fee, *see* Doc. 2. In screening the case, the Court discovered that Ms. Stirling removed her own case from state court to this Court with no authority for doing so.

*Stirling v. Stirling*, No. 11cv0334 WJ/KBM Doc. 5 (D.N.M. May 5, 2011) (remanding case to state court). The Court warns Ms. Stirling that, if she continues to file cases in this Court without a proper jurisdictional basis for doing so, the Court may impose filing restrictions against her.

"fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). Even though it appears that Stirling may not have the funds to pay both for filing fees and the "necessities of life," *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Court will deny permission to proceed IFP because she fails to state sufficient facts to invoke the Court's subject-matter jurisdiction under 42 U.S.C. § 1983 or any other federal statute. The Court will, therefore, dismiss her Complaint without prejudice.

## I.  APPLICABLE LEGAL STANDARDS

In reviewing the Complaint, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## II.  ANALYSIS

Stirling seeks to sue her ex-husband and his wife for accusing her of child abuse in August 2009, accusing her of "telephone harassment" in September 2009, and accusing her of violating a state restraining order in September and December 2010. *See* Compl. at 1-5, 10. She further alleges that, on an undisclosed date, the Defendants showed a picture of her to teachers and parents of children attending a middle school in Albuquerque,. New Mexico, and told the

principal that Stirling is "mentally unstable person who was a danger to the community and to the minor children." *Id.* at 7. She alleges that the Defendants told third parties that Stirling's son was better off with his father, Defendant David Stirling, and that Rhonda had abused her son. *Id.* at 8. She alleges that, on undisclosed dates, the Defendants made false statements that caused her to lose employment opportunities, damaged her credit rating, and caused the loss of a banking membership. *See id.* at 8-9. She complains that the Defendants failed to disclose to her the results of her son's "psychological evaluation results;" have failed to comply with state-court orders involving custody and reporting requirements; and have alienated her from her son. *Id.* at 13.

Stirling files suit against the Defendants for "Civil Rights violation under 42 U.S.C. § 1983." Compl. at 1. She also includes several state-law tort claims for slander, libel, "filing false child abuse complaint," "harrassment," "negligent interference with family relations," "false light," and defamation. Compl. at 1, 15-22. All of the parties are New Mexico residents. *See id.* at 1. Stirling invokes no federal statute as a basis for federal jurisdiction except for § 1983. *See id.* To invoke the Court's subject-matter jurisdiction under § 1983, a plaintiff must allege facts showing that "some person has deprived [her] of a federally protected right;" and "that the person who has deprived [her] of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3). *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished). "Like the state-action requirement of the Fourteenth

Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Stirling has not alleged any facts demonstrating that the Defendants are state actors who violated her constitutional rights. She states no other facts that give rise to a federal question. She has, therefore, failed to invoke this Court's subject-matter jurisdiction under § 1983, and her Complaint must be dismissed because the Court "lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that "a district court may, without abusing its discretion, enter [] an order [dismissing a complaint without prejudice] without attention to any particular procedures").

**IT IS ORDERED** that Stirling's application to proceed IFP [Doc. 3] is DENIED and her Complaint is DISMISSED without prejudice.

**DATED** this 29th day of January, 2014.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**